IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR ORANGE
COUNTY, FLORIDA

CASE NUMBER:

JRL Fitness, LLC d/b/a Anytime Fitness - Orlando,

Plaintiff,

v.

Markel Insurance Company,

Defendant.
_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, JRL Fitness, LLC d/b/a Anytime Fitness - Orlando, by and through the undersigned attorney and sues Defendant, Markel Insurance Company, and alleges as follows:

1. This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiff, JRL Fitness, LLC d/b/a Anytime Fitness (hereinafter "Plaintiff"), was and is a Florida corporation with its principal place of business in Florida.

3. At all material times hereto, Defendant, Markel Insurance Company, was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Orange County, Florida.

EXHIBIT "1"

4. Jurisdiction and venue of this matter are proper in Circuit Court for Orange County, Florida.

5. Prior to March 20th, 2018, Plaintiff sought and purchased business property insurance from Defendant to cover their business located at 3402 Technological Avenue, Unit #103, Orlando, Florida 32817, (hereinafter "Plaintiff's Business"). Said policy of insurance, which is believed to be policy number HCP20015761 (hereinafter "Plaintiff's Policy"), was issued by Defendant to Insured to provide insurance coverage which included, but was not limited to, coverage afforded to protect Plaintiff's business property against windstorm damage and protect its business against lost profit due to business interruption subsequent to a covered loss.

6. Plaintiff's Policy was in full force and effect as of March 20th, 2018. A formal copy of the Plaintiff's Policy is not currently in the possession of Plaintiff, but is well known to Defendant, and has been requested by Plaintiff through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). See: *Equity Premium, Inc. v. Twin City Fire Ins. Co.,* 956 So.2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.,* 398 So.2d 974 (Fla. 1st DCA 1981); *Parkway General Hospital, Inc. v. Allstate Ins. Co.,* 393 So.2d 1171 (Fla. 3d DCA 1981) and *Sasche v. Tampa Music Co.,* 262 So.2d 17(Fla. 2d DCA 1972).

7. On or about March 20th, 2018, Plaintiff's business and business property was damaged by a windstorm event. Said windstorm event and the resulting damage were covered under Plaintiff's Policy.

8. This is an action related to Defendant's breach of contract for failure to fully indemnify Plaintiff from loss.

## COUNT I-BREACH OF CONTRACT AGAINST DEFENDANT

**COMES NOW**, Plaintiff, JRL Fitness, LLC d/b/a Anytime Fitness - Orlando, by and through the undersigned attorney and sues Defendant, Markel Insurance Company, and alleges as follows:

9. Plaintiff re-alleges paragraphs 1 through 8 above and incorporates the same by reference herein.

10. Plaintiff is a named insured under Plaintiff's Policy which was in full force and effect at all times material to this Complaint.

11. Plaintiff has complied with all conditions precedent to this lawsuit to entitle Plaintiff to recover under Plaintiff's Policy, or any such conditions have been waived.

12. Despite demand for payment, Defendant has failed or refused to fully indemnify Plaintiff from the amount of loss.

13. Defendant's refusal to reimburse Plaintiff adequately for damages, and otherwise make Plaintiff whole, constitutes a breach of contract.

14. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds which have not been paid, interest, costs, and attorney's fees.

15. Plaintiff has been and remains fully prepared to comply with all of the Policy's obligations.

16. As a result of Defendant's breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

17. Plaintiff is entitled to recover attorney's fees and costs under Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes.

**WHEREFORE**, Plaintiff, JRL Fitness, LLC d/b/a Anytime Fitness - Orlando, by and through the undersigned counsel, demands judgment against Defendant, Markel Insurance Company, for all damages with interest, costs, attorney fees pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demand trial by jury.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Date: January 27, 2020**

> */s/Jabari A. Bennett*
> Jabari A. Bennett, Esquire
> Florida Bar Number: 0110725
> **FOR THE FIRM**
> COHEN LAW GROUP
> 350 North Lake Destiny Road
> Maitland, Florida 32751
> Phone: (407) 478-4878
> Fax: (407) 478-0204
> Primary: jbennett@itsaboutjustice.law
> Secondary: tiina@itsaboutjustice.law