UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JRL FITNESS, LLC,

Plaintiff,

v. Case No: 6:20-cv-454-Orl-41GJK

MARKEL INSURANCE COMPANY,

Defendant.

---

**ORDER**[1]

Plaintiff filed this action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Doc. 1-1). Defendant removed the case to this Court based upon the existence of diversity jurisdiction (Doc. 1). A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is only complete diversity where "no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013). Here, it is unclear whether the parties are completely diverse.[2]

Plaintiff alleges that it is a Florida corporation with its principal place of business in Florida (Doc. 1-1, ¶ 2). Defendant adds that: "Plaintiff is a Florida Limited Liability Company with its principal place of business in Homosassa, Florida. Plaintiff's members are also citizens of Florida. Plaintiff is a citizen of the State of Florida." (Doc. 1, ¶ 8).

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.

[2] Presently, the Court does not doubt that the amount in controversy exceeds $75,000, exclusive of interest and costs. See Doc. 1-4 at 1 (email from Plaintiff's counsel confirming that the amount in controversy exceeds $75,000).

Defendant states that it "is a Virginia corporation and maintains its principal place of business in Richmond, Virginia. Defendant is not a citizen of Florida." (Id., ¶ 9).

A limited liability company is a citizen of every state in which each of its individual members are citizens. McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam); Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017); Rolling Greens, 374 F.3d at 1021 n.1. The Notice of Removal fails to inform the Court about the number or identity of Plaintiff's individual members. Consequently, Defendant has failed to sufficiently establish that the Court has diversity jurisdiction – and, therefore, subject matter jurisdiction – over this matter.

Defendant has 14 days from the rendition of this Order to provide record evidence establishing that the parties are diverse. In the absence of competent proof, the Court will be required to dismiss this case for lack of jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida, on March 18, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record